IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:25-cv-00462-D-RN

| | |
|---|---|
| JEREMIAH VONBLOHN, | ) |
| Plaintiff, | ) |
| v. | ) |
| CROSSCOUNTRY MORTGAGE, LLC, and RALEIGH REALTY INC. | ) **CROSSCOUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| Defendants. | ) |

Defendant CrossCountry Mortgage, LLC ("CrossCountry"), by and through its undersigned counsel, hereby respectfully moves the Court to dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As explained in the accompanying memorandum, Plaintiff's Complaint should be dismissed on the following grounds:

1. First, Plaintiff's claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA") should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff's RESPA claim has been time-barred for over a year-and-a-half, and Plaintiff does not plead any facts that suggest his limitations period should be tolled. Plaintiff also lacks standing to bring a claim under RESPA because he has failed to adequately allege that he was overcharged—or experienced any other injury—as a result of the comarketing agreement that he claims caused his injury. Plaintiff's RESPA claim is further defective because there are no facts showing that the

comarketing agreement falls outside of RESPA's carve-out for payments in return for "services actually performed."

2. Second, Plaintiff's claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.* ("UDTPA") should be dismissed pursuant to Rules12(b)(1) and 12(b)(6). Plaintiff's UDTPA claim is premised on the same allegations as his RESPA claim and, under long-standing case law, Plaintiff cannot base a UDTPA violation on conduct that is already subject to extensive regulation by existing statutory and regulatory regimes, such as RESPA. Separately, Plaintiff's UDTPA claim fails because he has failed to plead any conduct that is unfair or deceptive. And, like Plaintiff's RESPA claim, Plaintiff lacks standing to pursue a UDTPA claim for failure to adequately allege an injury.

3. Third, Plaintiff's civil conspiracy claim should be dismissed. Plaintiff's civil conspiracy claim is premised on the alleged underlying RESPA and UDTPA violations. Because those claims should be dismissed, so too should Plaintiff's civil conspiracy claim. Additionally, like his other claims, Plaintiff lacks standing to pursue a civil conspiracy claim because he has not adequately alleged that he suffered an injury.

For these reasons and those set forth in CrossCountry's accompanying memorandum, Plaintiff's Complaint fails under Rules 12(b)(1) and 12(b)(6) and thus should be dismissed.

This 29th day of September, 2025.

/s/ *Debra Bogo-Ernst*
Debra Bogo-Ernst
Illinois License No. 6271962
Nathan Pflaum
Illinois License No. 6346439
WILLKIE FARR & GALLAGHER, LLP
300 North LaSalle Drive
Chicago, Illinois 60654
Tel: (312) 728-9062
Fax: (312) 728-9199

dernst@willkie.com
npflaum@willkie.com

*Lead Counsel for Defendant CrossCountry Mortgage, LLC, by Special Appearance Pursuant to Local Rule 83.1(e)*

/s/ *Clifton L. Brinson*
Clifton L. Brinson
NC State Bar No. 34331
Samantha B. Taylor
NC State Bar No. 564501
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP
150 Fayetteville Street, Suite 2300
Raleigh, North Carolina 27601
Tel: (919) 821-6605
Fax: (919) 821-6800
cbrinson@smithlaw.com
staylor@smithlaw.com

*Local Civil Rule 83.1(d) Counsel for Defendant CrossCountry Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **MOTION TO DISMISS** using the Court's CM/ECF system, which will send electronic notification of such filing to all counsel of record.

This 29th day of September, 2025.

*/s/ Debra Bogo-Ernst*
Debra Bogo-Ernst
