## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### No. 5:25-cv-462-D-RN

JEREMIAH VONBLOHN,                    )
                                      )
            Plaintiff,                )
                                      )
    *v.*                              )
                                      )          **DEFENDANT RALEIGH**
CROSSCOUNTRY MORTGAGE,                )          **REALTY INC.'S MOTION TO**
LLC, RALEIGH REALTY INC.              )          **DISMISS PLAINTIFF'S**
(F/K/A Raleigh Realty, LLC),          )          **AMENDED COMPLAINT**
                                      )          Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
            Defendants.               )
                                      )
                                      )
                                      )

_____

  Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Raleigh Realty Inc. ("Raleigh Realty") hereby moves to dismiss the Amended Complaint filed by Jeremiah VonBlohn ("Plaintiff") for lack of standing and for failure to state claims upon which relief can be granted. In support of this Motion, Raleigh Realty shows the Court as follows:

1. This case involves an alleged violation under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA") involving an allegedly unlawful kickback and/or referral fee arrangement.

2. Plaintiff's RESPA claim should be dismissed because Plaintiff's RESPA claim has been time-barred for over three years, and Plaintiff is not entitled to tolling.

1

3. Plaintiff also lacks standing to pursue their RESPA claim because he has failed to adequately allege he was overcharged—or experienced any other injury—as a result of the co-marketing agreement that he claims cause his injury.

4. Plaintiff's RESPA claim is further defective because there are no facts showing that the co-marketing agreement in question falls outside of RESPA's carveout for payments in return for "services actually performed."

5. Plaintiff's claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq*. (UDTPA) should be dismissed too, for three independent reasons. First, Plaintiff's UDTPA claim is premised on the same allegations as Plaintiff's RESPA claim, and, under long-standing case law, Plaintiff cannot base a UDTPA violation on conduct that is already subject to extensive regulation under existing statutory and regulatory regimes, such as RESPA. Second, Plaintiff's UDTPA claim is fatally defective because Plaintiff has failed to plead any conduct that is unfair or deceptive. Third, like Plaintiff's RESPA claim, Plaintiff lacks standing to pursue a UDTPA claim for their failure to adequately allege an injury.

6. Finally, Plaintiff's civil conspiracy claim should be dismissed along with the RESPA and UDTPA claims on which it depends.

For these reasons and those discussed in its memorandum of law, Defendant Raleigh Realty respectfully requests that the Amended Complaint be dismissed, and that the Court award it such other relief as may be deemed just and proper.

[No further text on this page]

This the 16th day of October, 2025.

PARRY LAW, PLLC

/s/ Jonah A. Garson

K. Alan Parry
N.C. State Bar No. 31343
Jonah A. Garson
N.C. State Bar No. 55547
100 Europa Drive, Ste 351
Chapel Hill, NC 27517
(919) 913-3320
kap@parryfirm.com
jag@parryfirm.com

*Counsel for Defendant Raleigh Realty Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document is filed with the Court's CM/ECF filing system which effectuates service upon all parties having appeared in this matter.

This the 16th day of October, 2023.

<u>/s/ Jonah A. Garson</u>