IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-462-BO-RN

JEREMIAH VONBLOHN,                          )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )                    O R D E R
                                            )
CROSSCOUNTRY MORTGAGE, LLC, and             )
RALEIGH REALTY INC.,                        )
                                            )
            Defendants.                     )

This cause comes before the Court on defendants' motions to dismiss plaintiff's original and amended complaints. [DE 15]; [DE 19]; [DE 21]. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the motions was held before the undersigned on January 22, 2026, at Raleigh, North Carolina. In this posture, the motions are all ripe for disposition. For the reasons that follow, the motions to dismiss are denied.

BACKGROUND

Plaintiff initiated this action against defendants by filing a complaint alleging claims for violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601, *et seq.*, for violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and for civil conspiracy. Plaintiff's claims arise from an alleged kickback scheme between defendants CrossCountry Mortgage (CrossCountry) and Raleigh Realty.

CrossCountry moved to dismiss plaintiff's complaint and plaintiff timely filed an amended complaint. Both defendants have moved to dismiss plaintiff's amended complaint. Because the proper filing of an amended complaint renders the original complaint of no consequence, the Court

recites only the factual background alleged in the amended complaint. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

Plaintiff alleges that CrossCountry entered into an agreement with Raleigh Realty and other realty companies wherein Raleigh Realty would refer its homebuying clients to CrossCountry for real estate settlement services involving federally regulated mortgage loans. *See* [DE 18] ¶¶ 6-7. Under the agreement between CrossCountry and Raleigh Realty, CrossCountry made recurring payments to Raleigh Realty which were disguised as payments for legitimate services but were, in fact, part of a kickback scheme in violation of RESPA, specifically 12 U.S.C. § 2607(a). *Id.* ¶¶ 5, 7. CrossCountry paid $15,000 per month to Raleigh Realty to cover Raleigh Realty's marketing costs and in exchange for an exclusive referral arrangement. *Id.* ¶ 38.

Plaintiff alleges that, as a result of the kickback scheme, he was steered toward obtaining a mortgage load from CrossCountry which resulted in plaintiff paying excessive closing fees and an interest rate in excess of what he would have been charged by another mortgage lender. *Id.* ¶ 8. Plaintiff alleges specifically that he worked with Raleigh Realty from October 2021 to November 15, 2022, to purchase a home in or near Raleigh, North Carolina. *Id.* ¶ 67. When plaintiff was ready to secure financing for his home, plaintiff's agent at Raleigh Realty told plaintiff that Raleigh Realty worked with CrossCountry and did not recommend any other lenders. *Id.* ¶ 71. At the time he was ready to purchase his home, plaintiff alleges that he would have been able to qualify for a 30-year fixed-rate loan with an interest rate of 6.75% or lower or an adjustable-rate loan with an initial interest rate of 6.625% or lower. *Id.* ¶ 69-70. Plaintiff ultimately received a 30-year adjustable-rate mortgage (ARM) from CrossCountry with an initial interest rate of 6.75%. *Id.* ¶ 74. Plaintiff alleges that these terms are less favorable than terms he could have obtained had he not been steered by Raleigh Realty to CrossCountry, and that he could have saved $30 per month,

2

or $1,800 over the first 60 months of the loan, had he used a different mortgage lender and received a 6.625% initial interest rate. *Id.* ¶ 77. Plaintiff was also required to pay CrossCountry a $995 origination fee, which he alleges he would not have had to pay had he used another lender or would have been lower had he used another mortgage lender. *Id.* ¶ 80. Plaintiff closed on his home on November 15, 2022. *Id.* ¶ 85. Plaintiff alleges that any statute of limitations has either not expired or was tolled by the filing of *Morris v. CrossCountry Mortgage*, No. 5:22-cv-336-BO (E.D.N.C.), in which putative class claims were alleged against CrossCountry and Raleigh Realty based on the same alleged kickback scheme. *Id.* ¶ 86.

## DISCUSSION

As noted above, CrossCountry and Raleigh Realty have moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus

3

is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Both CrossCountry and Raleigh Realty raise the same arguments in support of their motions to dismiss, and thus the Court considers the motions together. The Court considers first defendants' arguments under Rule 12(b)(1), that plaintiff has failed to plead an injury sufficient to confer Article III standing under either RESPA or the UDTPA. To satisfy the standing requirement for subject matter jurisdiction at the pleading stage, a plaintiff must clearly allege facts which demonstrate that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

As noted, defendants argue that plaintiff has failed to plausibly allege that he has suffered an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S.

4

555, 560 (1992)). "The party invoking federal jurisdiction bears the burden of establishing" the elements of standing. *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (cleaned up, citation omitted). Finally, the facts that exist at the time the complaint is filed must support that the plaintiff possesses Article III standing. *Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022).

"Congress passed RESPA to protect consumers from 'unnecessarily high settlement charges caused by certain abusive practices' through 'the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services.'" *Brasko v. First Nat'l Bank of Pennsylvania*, 700 F. Supp. 3d 354, 379 (D. Md. 2023) (citing 12 U.S.C. § 2601). Here, as the Court previously found in *Morris* when considering the amended complaint, plaintiff has plausibly alleged a RESPA injury. The provision of RESPA on which plaintiff relies provides for a private right of action, 12 U.S.C. § 2607(d), though an allegation of merely a statutory violation is insufficient to confer standing; rather, a plaintiff must still sufficiently show he or she has been "*concretely harmed* by a defendant's statutory violation[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis in original) (noting further that "an injury in law is not an injury in fact.").

As is relevant here, "Congress specified in RESPA that by prohibiting kickbacks, the harm it sought to prevent is the increased costs that 'tend' to result from kickbacks' interference with the market for settlement services." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 254 (4th Cir. 2020). Settlement services include "any service provided in connection with a real estate settlement including . . . the origination of a federally related mortgage loan[.]" 12 U.S.C. §

5

2602(3). Plaintiff has alleged that he suffered concrete injury from defendants' kickback scheme in the form of a higher interest rate, resulting in thousands of additional dollars he will have to pay over the life of the loan, and the payment of an origination fee which he alleges he would otherwise have not been required to pay. Plaintiff further alleges that the additional money he has had and will have to pay is the result of the unlawful kickback arrangement between defendants and his having been steered to CrossCountry for his mortgage by his Raleigh Realty agent. The Court rejects defendants' argument that plaintiff must allege that he was *prevented* from working with other lenders in order to plausible allege a RESPA violation based on a kickback scheme. At bottom, plaintiff's allegations, which the Court accepts as true at this stage, are sufficient to confer standing under RESPA. *See also Wilson v. Eagle Nat'l Bank*, No. 8:20-CV-01344-JRR, 2023 WL 2478933, at *6 (D. Md. Mar. 13, 2023) (allegations of "harm in the form of higher title and settlement fees" sufficient to confer standing under RESPA); *Morris v. CrossCountry Mortg., LLC*, No. 5:22-CV-336-BO-BM, 2023 WL 7003692, at *3 (E.D.N.C. Oct. 24, 2023).

Under North Carolina's UDTPA, a plaintiff must "be injured . . . by reason of any act or thing done . . . in violation of" the Act. N.C. Gen. Stat. § 75-16. Defendants argue only the plaintiff lacks standing to pursue his UDTPA claim for the same reasons he lacks standing to bring his RESPA claim. As the Court has determined that plaintiff has sufficiently alleged an injury in fact under RESPA, defendants' request to dismiss plaintiff's UDTPA claim for lack of standing is denied. Accordingly, defendants' request to dismiss these claims under Rule 12(b)(1) is denied.[1]

As to defendants' Rule 12(b)(6) arguments, the Court has considered the amended complaint in light of the applicable standards and finds that plaintiff has plausibly alleged his

---

[1] The Court notes that its determination of Article III standing is limited to plaintiff's burden at this stage of the proceeding, and defendants are free to re-raise their standing challenge at a subsequent stage. *See Wilson*, 2023 WL 2478933 at *8.

6

claims under RESPA, the UDTPA, and for civil conspiracy. Whether these claims will withstand a motion for summary judgment, when defendants' statute of limitations defense will be more properly considered in light of the allegations related to tolling, *see Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007), remains to be decided.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss plaintiff's original complaint [DE 15] is DENIED AS MOOT and the motions to dismiss plaintiff's amended complaint [DE 19]; [DE 21] are DENIED.

SO ORDERED, this _7_ day of July 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7